UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. BROWN,

        Petitioner,

    v.

M. ATCHLEY, Warden,

        Respondent.

Case No.  21-cv-02649-YGR (PR)

**ORDER GRANTING REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING REQUEST TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**

Petitioner Gregory L. Brown filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 6, 2021, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 98-02013 MMC (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition.

On May 24, 2021, Petitioner filed a notice of appeal and an application for a certificate of appealability ("COA").  Dkt. 9.  Petitioner also moves for appointment of counsel and leave to proceed *in forma pauperis* on appeal.  *Id.*

In an Order dated July 28, 2021, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience."  Dkt. 11 at 1.

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

United States District Court
Northern District of California

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, the Court dismissed the instant petition after finding that it was a second or successive petition.  Upon review, the Court now finds that Petitioner was not challenging the same conviction and sentence at issue here, and instead he alleged ineffective assistance of counsel based on his court-appointed trial counsel's actions relating to the motion/petition for resentencing under California Penal Code § 1170.95.  *See* Dkt. 1 at 6-19.  In light of this, jurists of reason could find it debatable whether this Court was correct in finding that Petitioner was challenging the same conviction/sentence.  Thus, the motion for a COA is GRANTED.[1]  Dkt. 9.

Also before the Court is Petitioner's motion for appointment of counsel, which is DENIED without prejudice to his renewing the motion in the court of appeals.  Dkt. 9.  Petitioner's request for leave to proceed *in forma pauperis* on appeal is GRANTED.  Dkt. 9.  The Clerk of the Court shall process the notice of appeal.

---

[1] The Court notes that Petitioner filed a prior action, Case No. C 20-cv-3405 YGR (PR), which it also dismissed after finding that his action was a second or successive petition.  *See* Dkt. 7 in Case No. 20-cv-3405 YGR (PR).  Petitioner appealed, and the Ninth Circuit has not yet ruled on the appeal.  *See* Ninth Circuit Case No. 20-16290.  This Court denied Petitioner's request for a COA.  *See* Dkt. 12 in Case No. 20-cv-3405 YGR (PR).  However, upon review, the Court now finds that Petitioner was not challenging the same conviction and sentence, and instead his claims related to the state court's denial of his state habeas petition upon finding that the amendments to California Penal Code §§ 188 and 189 did not affect his convictions.  *See* Dkt. 1 at 6-16 in Case No. 20-cv-3405 YGR (PR).  In addition, Petitioner's prior case seems to be unexhausted because he had not presented his claims to the state appellate and supreme courts when he filed that case in 2020.  *See id.* at 6 fn. 1.  Thus, even though dismissal of that prior action still seems to have been appropriate, the request for a COA should have been granted because jurists of reason could find it debatable whether this Court was correct in finding that Petitioner was challenging the same conviction/sentence.

2

1

2        This Order terminates Docket no. 9.

3        IT IS SO ORDERED.

         Dated:  August 4,2021
4

5                                              _____
                                               JUDGE YVONNE GONZALEZ ROGERS
6                                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3